# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAVON J. ASH, SR.,

      **Plaintiff**,

  v.

JENNIFER BIAS,                             Case No. 14-C-0553
ADRIENNE MOORE,
AHMED JENKINS,
ANTOINETTE RICH,
JENNIFER SEVERINO,
RICHARD CHAPETE,
NOAH WISHAU, and
ALLAN TORHORST,

      **Defendants**.

## DECISION AND ORDER

    The plaintiff, Lavon J. Ash Sr. ("Ash"), filed a *pro se* Complaint under 18 U.S.C. § 242 and 42 U.S.C. § 14141, alleging that his civil rights were violated by an illegal sentencing in which each of the Defendants purportedly played a role. (ECF No. 1.) This matter comes before this Court on Ash's motion to proceed *in forma pauperis*. (ECF No. 2.) This Court addresses Ash's motion.

    Although not cited by Ash, an unpublished Wisconsin Court of Appeals decision discloses the following facts underlying Ash's claims. On February 16, 2009, Ash pled no contest to, and was convicted on, two counts of misdemeanor bail jumping as a repeater; Ash's sentence was withheld and he was placed on probation. *State v. Ash*, No. 2013AP381-CR, 344 Wis. 2d 299, 821 N.W.2d 413, 2012 WL 3316887, at *1 (Wis. Ct. App. Aug. 15, 2012).

Subsequently, based on allegations that Ash had violated the conditions of his probation, he appeared before an administrative law judge ("ALJ") for a revocation hearing on May 17, 2010. *Id.* The ALJ concluded that Ash had violated his probation by conduct which included a November 2009 physical assault. *Id.* As a result, Ash's probation was revoked. *Id.*

At an August 2, 2010, post-revocation sentencing the trial court judge, because of Ash's assaultive behavior in relation to the bail jumping counts, sentenced Ash to one year of initial confinement and one year of extended supervision to run concurrently. *Id.* at *2.

On January 13, 2012, Ash moved for post-conviction relief on the grounds that there were new factors to take into consideration warranting a resentencing, including an unpublished opinion in *State v. Gerondale,* Nos. 2009AP1237-CR, 2009AP1238-CR, 2009 WL 3583161 (Wis. Ct. App. Nov. 3, 2009). After a hearing, the trial court denied the motion.

On August 15, 2012, Ash appealed the judgment of conviction on the two counts of misdemeanor bail jumping as a repeater and from the post-conviction order denying relief from the judgment. *Ash*, 2012 WL 3316887, at *1. Ash argued that the trial court erred in denying that new factors and *Gerondale* required a resentencing. *Id.* at *2.

On appeal, the Court of Appeals held that Ash was indeed entitled to resentencing according to the standards set forth in *Gerondale*. *Id.* at *3. Michael Gerondale ("Gerondale") was also convicted of misdemeanors as a repeater and given equally bifurcated sentences on the counts, one year of confinement and one year of extended

supervision. *Id.* The Court of Appeals concluded that Wis. Stat. § 973.01,[1] which deals with bifurcated sentences, adequately addresses felonies, but fails in its application to misdemeanor sentences. *Id.*

Ash, like Gerondale, contended that his two-year confinement sentence violated the 25% minimum extended supervision requirement that incorporated § 973.01(2)(c), pertaining to penalty enhancements. *Id.* at *4. Essentially, the combined sentence of two

---

[1] The pertinent parts of § 973.01 are as follows:

> (1) Bifurcated sentence required. [W]henever a court sentences a person to imprisonment in the Wisconsin state prisons for . . . a misdemeanor committed on or after February 1, 2003, the court shall impose a bifurcated sentence under this section.
>
> (2) Structure of bifurcated sentences . . . An order imposing a bifurcated sentence shall comply with all of the following:
>
> (b) *Confinement portion of bifurcated sentence.* The portion of the bifurcated sentence that imposes a term of confinement in prison may not be less than one year and, except as provided in par. (c), is subject to whichever of the following limits is applicable:
>
> [1.-9. For a classified felony, the term of confinement in prison may not exceed (variable) years.]
>
> 10. For any crime other than [a classified felony], the term of confinement may not exceed 75% of the total length of the bifurcated sentence[.]
>
> (c) *Penalty enhancement.* 1. Subject to the minimum period of extended supervision required under par. (d), the maximum term of confinement in prison specified in par. (b) may be increased by any applicable penalty enhancement statute. If the maximum term of confinement in prison specified in par. (b) is increased under this paragraph, the total length of the bifurcated sentence that may be imposed is increased by the same amount.
>
> (d) *Minimum and maximum term of extended supervision.* The term of extended supervision may not be less than 25% of the length of the term of confinement in prison imposed under par. (b) and, for a classified felony, is subject to whichever of the following limits is applicable: [1.-6. The term of extended supervision may not exceed (variable) years.]

years confinement and two years extended supervision split the penalty enhancer portion of his sentences and exceed the 25% minimum term of extended supervision and, therefore, did not comply with the statute. *Gerondale*, at *3. The appeals court's interpretation of § 973.01, while not solving the problems presented with its application to misdemeanors, concluded that Ash's sentence did not comply with the statute and reversed and remanded the case to the trial court for resentencing. *Ash*, 2012 WL 3316887, at *4.

At resentencing, the trial court amended Ash's judgment of conviction to one year in the Wisconsin Prison System and three months extended supervision running concurrently on both of his cases.

Unfortunately for Ash, this is not the first time he has attempted to litigate the illegal sentencing issue. On March 24, 2014, Ash filed a *pro se* Complaint in this District. *See Ash v. State Public Defenders Office, et al.*, No. 14-cv-327 (E.D. Wis. March 31, 2014) (the "327 action"). Simultaneously, Ash filed a motion for leave to proceed *in forma pauperis*. (327 action, ECF No. 2). Ash alleged that defendants State Public Defender's Office, the Racine County District Attorney's Office, Racine County, Jennifer Bias, Adrienne Moore, Ahmed Jenkins, Antoinette Rich, Jennifer Severino, Richard Chiapete, Noah Wishau, and Judge Allan Torhorst violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961. Ash alleged that because all named parties were involved in either his conviction, defense, or sentencing, and at no time made him aware or made an effort to contest the illegal sentence structure, he should be awarded $5 million in damages.

On March 31, 2014, Judge J. P. Stadtmueller found that Ash was indigent. (327 action, ECF No. 3.) However, he also found that Ash's claims that he was sentenced illegally in several criminal cases and that he was incarcerated for a longer period than legally justified as a result were frivolous because there were no facts to suggest that any defendant committed a criminal violation under 18 U.S.C. § 1961(1), or that the defendants functioned as an enterprise under 18 U.S.C. § 1964. The court dismissed Ash's action, without prejudice, pursuant to 28 U.S.C. § 1915(e) for failure to state a claim.

On May 13, 2014, Ash filed a new *pro se* Complaint and a motion to proceed *in forma pauperis*. The *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigant have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). The Court begins with a review of Ash's affidavit averring indigence in order to determine whether he can afford prepayment of court fees in the relevant action. *See* 28 U.S.C §§ 1915(a) and (e)(2)(A). Furthermore, if Ash is found to be indigent and unable to afford prepayment of court fees, the Court will still examine the immediate action to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

This Court finds no increase in Ash's income, as he receives $731.00 from disability compensation and $175.00 from food stamps for a total income of $906.00. *Id*. However, of this income, $680.00 is consumed by necessary expenses. *Id.* Therefore, this Court finds Ash to be indigent.

The Court now reviews the Complaint to consider whether Ash's claims are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. Ash's Complaint alleges that "it was made clear to all who practiced law in the State of Wisconsin of the change in this sentence structure and yet all who were involved in my defense, conviction and sentencing did nothing to advise me that the sentence structure was illegal due to the changes at any time." (Compl. 5.) Ash cites *Gerondale* as support for his contention that he was not adequately defended or sentenced. (Compl. 5.) Regardless, based on the following analysis the Court concludes that, as a result of Judge Stadtmueller's prior decision in the 327 action, the doctrine of *res judicata* bars Ash's attempt to bring the same set of facts before this Court.

For *res judicata* to apply, three elements must be met: "(1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suit; and, (3) an identity of parties or privies in the two suits." *Smith v. City of Chicago,* 820 F.2d 916, 919 (7th Cir. 1987). *Res judicata* not only bars re-litigation of claims already decided, but also claims that could have been raised in the prior action. *Humphrey v. Tharaldson Enters., Inc.,* 95 F.3d 624, 626 (7th Cir. 1996) (citing *Brzostowski v. Laidlaw Waste Sys., Inc.,* 49 F.3d 337, 338 (7th Cir. 1995)).

In the present case, all three elements are met. First, the 327 action was dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim and because it was frivolous in nature. Second, Ash's factual allegations are merely a repackaging of his facts in the preceding case.

A claim is deemed to have an "identity with a previously litigated matter if it is based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence." *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996) (quoting *Brzostowski*, 49 F.3d at 338-39). The same transaction or occurrence is said to mean events with a "common core of operative facts." *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986). Even though a set of allegations "may give rise to different claims of relief upon different theories of recovery, there remains a single cause of action." *Smith,* 820 F.2d at 918.

In the 327 action, Ash, brought claims under 18 U.S.C. §§ 1961 through 1968, alleging that he was sentenced illegally in several criminal cases, and that he was incarcerated for a longer period than legally justified as a result. If Ash wanted to contest the validity of the judge's decision, either on the merits or on the ground that he should have been allowed to re-plead, he should have appealed. *See Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). Instead, Ash chose to file a new action based on the identical circumstances using different theories.

In the second action, Ash again alleges he was unjustly sentenced, but claims violations of different statutes, 18 U.S.C. § 242 and 42 U.S.C. § 14141. While Ash pursues different legal theories in this case, "a claim is not an argument or a ground but the events claimed to give rise to a right to a legal remedy." *Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 857 (7th Cir. 2001). Both of Ash's lawsuits arise out of the same event: his bifurcated sentencing. Ash was required to raise all possible grounds for relief in his initial lawsuit.

Third, all the defendants in Ash's current action were named defendants in the 327 action; therefore, all of the requirements for dismissal under *res judicata* have been met. To hold otherwise would reward forum- and judge- shopping, and would circumvent the appellate system. The action must therefore be dismissed. *See Fort-Greer v. Daley*, No. 05-C-827, 2006 WL 1966967, at *1 (E.D. Wis. July 12, 2006).

Furthermore, even if Ash's current claims were considered, they fail to state a cause of action and would be subject to dismissal. He alleges that the defendants are liable for the violation of his deprivation of rights under color of law, citing 18 U.S.C. § 242. The statute states in pertinent part:

> Whoever, under color of law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, . . . shall be fined under this title or imprisoned not more than one year, or both . . .

Section 242, however, is a criminal statute for which there is no private cause of action. *Szeklinski v. Neary*, No. 07-C-222, 2007 WL 777539, at *1 (E.D. Wis. March 12, 2007) (citing *Lovelace v. Whitney*, 684 F. Supp. 1438, 1441 (N.D. Ill. 1988) (holding that "18 U.S.C. § 242 . . . is a criminal statute which provides no private cause of action"); *See also, Weiland v. Byrne*, 392 F. Supp. 21, 22 (N.D. Ill. 1975). Therefore, Ash cannot state a claim under § 242.

Ash also cites 42 U.S.C. § 14141 as a basis for his claim against the Defendants based on their roles during the sentencing process. The statute states in relevant part:

> It shall be unlawful for any government authority, or any

> agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

(Emphasis added.) Again, Ash has not alleged sufficient facts that the Defendants have engaged in any unlawful conduct within the statute's scope. Moreover, even if the statute could be construed as encompassing the sentencing structure, the Attorney General reserves the right to bring a cause of action in order to obtain an appropriate equitable and declaratory relief in order to eliminate the pattern or practice. Section 14141 does not provide for a private civil cause of action. *See Griffin v. Wisconsin,* 08C0822, 2009 WL 2240232, at *3 (E.D. Wis. July 27, 2009) (citing *Rangel v. Reynolds*, 607 F. Supp. 2d 911, 925 n.6 (N.D. Ind. 2009)). Thus, neither claim alleged by Ash in this case would state a claim. Therefore, this action would also be subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B).

Having failed to make any rational argument in law or fact to support his claims, Ash has provided no arguable basis for relief. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)). Ash's claims are frivolous under Fed. R. Civ. P. 11(b) and, therefore, could warrant sanction. Ash is advised that any additional attempts to litigate the claimed illegal sentencing issue may result in sanctions under Fed. R. Civ. P. 11(c)(4) which states that "the sanction may include nonmonetary

directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." In doing so, the courts have the power to issue injunctions imposing pre-filing restrictions on vexatious litigants. *See, e.g., McCready v. Ebay Inc.,* 453 F.3d 882, 892-93 (7th Cir. 2006) (ordering a vexatious pro se litigant to show cause why he should not be barred from filing papers in the federal courts of the Seventh Circuit for a period of at least two years); *see also Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186-87 (7th Cir. 1995) (imposing a two-year prohibition of new filings in the federal courts of this Circuit on a vexatious litigant). Ash could also be held responsible under 28 U.S.C. § 1927, which holds parties accountable for excessive costs incurred because of vexatious conduct.

While litigants deserve their day in court, those who receive adverse decisions must be turned away when they attempt to re-litigate matters that have already been decided. Repeated attempts to re-litigate the alleged illegal sentencing issue will not be tolerated. *See Support Sys. Int'l, Inc.,* 45 F.3d at 186-87; *See also Bach v. Milwaukee Cnty. Circuit Ct.*, No. 13-3158, 2014 WL 2119815, at *3 (7th Cir. 2014) (citing *Homola v. McNamara*, 59 F.3d 647 (7th Cir. 1995)).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**

Ash's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED**;

This action is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous; and

The Clerk of Court is **DIRECTED TO ENTER** judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of July, 2014.

           **BY THE COURT:**

           _____
           **HON. RUDOLPH T. RANDA**
           **U.S. District Judge**